# SHER TREMONTE LLP



December 2, 2014

**FILED UNDER SEAL**
**BY EMAIL**

Hon. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007
Email: CaproniNYSDChambers@nysd.uscourts.gov

      Re:   *John Doe v. ABC Company LLP, et al.*
             (Case No. 14 Civ. 6867 (VEC))

Dear Judge Caproni:

      We represent the Plaintiff in the above-referenced matter. During the parties' joint call to the Court on November 21, 2014 concerning the pending application for an order closing this case without unsealing the record, we were directed to inform the Court of any developments that would render the application time-sensitive. We write to advise the court of such a development and to respectfully request that the Court address the parties' application as soon as the Court's schedule permits.

      Following the parties' submission of their respective briefs on October 29, 2014, Plaintiff received a tentative offer of legal employment outside the New York metropolitan area. The job offer is contingent upon the successful completion of a background check, which the employer has indicated should be completed this month. On November 21, as Plaintiff's former employer, Defendant ABC Company LLP ("ABC") received written questions in connection with the background check, including a question concerning Plaintiff's reliability, honesty, trustworthiness and character. On November 25, ABC received a second communication by telephone from the prospective employer following up on the outstanding inquiry.

      Plaintiff has asked Defendants to respond to the inquiry in accordance with the terms of the parties' Settlement Agreement, which addresses Defendants' obligations in communicating with Plaintiff's prospective employers. Defendants have refused on the grounds that, until the Court addresses the pending application to maintain the sealing order, the Settlement Agreement is not in full effect. In addition, Defendants have expressed concern that any positive statements

they make in connection with Plaintiff's background check could prejudice them should the Court deny the parties' sealing application and this litigation recommence (even though Plaintiff offered to stipulate to refrain from introducing such statements).

Defendants have indicated they intend to respond to the inquiry by identifying the dates of Plaintiff's employment at ABC while ignoring the prospective employer's specific questions. In light of the negative implications of Defendants' intended incomplete response, Plaintiff has requested, and Defendants have temporarily agreed, to postpone any response until the Court addresses the parties' sealing application. However, whether Defendants' response is conspicuously incomplete or delayed, Defendants' refusal to comply with the Settlement Agreement could jeopardize Plaintiff's first employment opportunity in more than two years.

Separately, assuming Defendants' tactics do not upset Plaintiff's employment prospects, the location of the opportunity requires Plaintiff to address issues of residence, finances and schooling before accepting the position and relocating his family. Any additional certainty concerning this matter – including whether Plaintiff will need to devote substantial time and financial resources to this litigation in the coming months – will assist Plaintiff in making this life-changing decision.

For these reasons, we respectfully request that the Court address the parties' sealing application as soon as the Court's schedule permits. We thank the Court for its consideration.

Respectfully submitted,

Justin M. Sher

cc: Gregory P. Joseph, Esq., counsel for Defendants